RECEIVED
IN ALEXANDRIA, LA

JUL 2 9 2010

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

TRICIA NALL

                                              CIVIL ACTION NO. 09-cv-1243

VERSUS

                                              DISTRICT JUDGE DEE D. DRELL
MICHAEL ASTRUE, COMMISSIONER          MAGISTRATE JUDGE JAMES D. KIRK
   OF SOCIAL SECURITY


REPORT AND RECOMMENDATION

Tricia Nall ("Nall") filed a Title XVI application for Social Security Income ("SSI") on May 4, 2007 (R. 69-74). The claim was initially denied on June 22, 2007 and Nall timely filed a request for hearing before an Administrative Law Judge ("ALJ") (R. 42-48). The ALJ held a hearing on September 10, 2008 (R. 19-39) and issued an unfavorable decision on October 28, 2008 (R. 9-15). Nall sought review by the Appeals Council but review was denied on June 17, 2009 (R. 1-5). Accordingly, the decision became the final decision of the Commissioner of Social Security ("the Commissioner").

Nall filed the instant action seeking judicial review of the Commissioner's decision.

To qualify for SSI under Title XVI of the Social Security Act, a claimant must file an application and be an "eligible individual" as defined in the Act. 42 U.S.C. §1381(a). Eligibility is dependent upon disability, income and other financial resources. 42 U.S.C. §1382(a). To establish disability, a claimant must

demonstrate a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than twelve (12) months.  Claimant must also show that the impairment precludes performance of the work previously done, or any other kind of substantial gainful employment that exists in the national economy.  42 U.S.C. §1382(a)(3).

### Summary of Pertinent Facts

Nall, her attorney, Medical Expert, Dr. George Smith, and Vocational Expert, George Hearn, attended a hearing on September 10, 2008 (R. 20).  Nall testified that she suffered from epilepsy and was prescribed anti-seizure medications, Dilantin and Depakote (R. 22).  A year prior to the hearing, she started a program with Community Health Works to receive free anti-seizure medications (R. 22, 27, 35).  Nall advised that she did not take her medications at times because she could not afford them (R. 23, 27).  She also stated that when she was able to obtain the medications, she followed the prescribed treatment regimen (R. 27).

In the year preceding the hearing she reported suffering 15 to 16 seizures (R. 25).  On average, she suffered a seizure every three weeks and she suffered multiple seizures at a time (R. 26).  She testified that she was not aware during a seizure but she knew she bit her tongue, lost her balance, jerked and lost continence (R. 24-25).  Nall stated that she felt achy, sore and stiff after a seizure and was drowsy and groggy.  Accordingly, she slept most

of the day and it took her two to three days before she felt like herself again (R. 25).

In his decision, the ALJ found Nall had not engaged in substantial gainful activity since she applied for SSI on May 4, 2007 (R. 11). Additionally, he found Nall suffered from the following severe impairments: epilepsy, occasional seizures and non compliance with prescribed medical treatment but none of these impairments alone, or a combination, met or medically equaled a Listing (R. 11).

After careful consideration of the record, the ALJ determined that Nall had the residual functional capacity to perform a full range of work at all exertional levels but with the following limitations: no working around heights or moving machinery, no climbing of ladders, scaffolds or uneven surfaces and no working in environments where occasional seizures would be detrimental to either coworkers, claimant or the immediate work environment (R. 12). The ALJ then found that Nall had no past relevant work; thus, transferability of job skills was not an issue (R. 13). She was a younger individual with at least a highschool education and considering her age, education, work experience and residual functional capacity, there were jobs in significant numbers in the national economy that she could perform (R. 13). Specifically, he noted the occupations of housekeeping and waitress (R. 14). Accordingly, he found Nall had not been under a disability as

defined by the Social Security Act since May 4, 2007 (R. 14).

## Standard of Review

In considering Social Security appeals such as the one presently before the Court, the Court is limited by 42 U.S.C. §405(g) to a determination of whether substantial evidence exists in the record to support the Commissioner's decision and whether the decision comports with relevant legal standards. McQueen v. Apfel, 168 F.3d 152, 157 (5th Cir. 1999). For the evidence to be substantial, it must be relevant and sufficient for a reasonable mind to support a conclusion. It must be more than a scintilla but need not be a preponderance. Falco v. Shalala, 27 F.3d 160, 162 (5th Cir. 1994), citing Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). Finding substantial evidence does not involve a simple search of the record for isolated bits of evidence which support the Commissioner's decision but must include a scrutiny of the record as a whole.

A court reviewing the Commissioner's decision may not retry factual issues, re-weigh evidence, or substitute its judgment for that of the fact-finder. Fraga v. Bowen, 810 F.2d 1296, 1302 (5th Cir. 1987); Dellolio v. Heckler, 705 F.2d 123, 125 (5th cir. 1983). The resolution of conflicting evidence and credibility choices is for the Commissioner and the ALJ, rather than the court. Allen v. Schweiker, 642 F.2d 799, 801 (5 th Cir. 1981). Also, Anthony v. Sullivan, 954 F.2d 289, 295 (5th Cir. 1992). The court does have

authority, however, to set aside factual findings which are not supported by substantial evidence and to correct errors of law. Dellolio, 705 F.2d at 125. However, to make a finding that substantial evidence does not exist, a court must conclude there is a "conspicuous absence of credible choices" or "no contrary medical evidence." Johnson v. Bowen, 864 F.2d 340, 343-344 (5th Cir. 1988); citing, Hames v. Heckler, 707 F.2d 162, 164 (5th Cir. 1983). Also, Dellolio, 705 F.2d at 125.

### Issues

Nall raises the following issue for appellate review:

Whether the Commissioner erred as a matter of law in failing to comply with Social Security Ruling 96-7 in addressing plaintiff's failure to follow prescribed treatment.

Nall argues the ALJ failed to find she was justified in failing to follow prescribed treatment because she could not afford her medications. During the hearing, Nall testified under oath that in the past, she was homeless and unable to afford her medications at times. However, when she was able to obtain the medication, she was always compliant with the daily regimen. Nall also testified that in the roughly twelve months prior to the September 2008 hearing, she received her medications for free and took them as directed.

Medical records from 2002 through September of 2007 show that Nall acknowledged to medical staff that she could not afford her seizure medications. Other records indicate Nall reported taking

5

her medication at the time. In fact, a few lab results blood levels were within the proper therapeutic range. Thus, evidence from this time period supports her testimony and argument that she was not always able to afford her medication, but when she could, she was compliant. However, medical records for the twelve months preceding the September 2008 hearing (the time during which Nall received free anti-seizure medications) paint another picture.

Lab results from December 10, 2007 (R. 467), December 16, 2007 (R. 267), December 21, 2007 (R. 346), February 19, 2008 (R. 543) and May 23, 2008 (R. 530) show sub-therapeutic ranges for anti-seizure medications. Nall fails to offer an argument or evidence outside of an inability to afford medication as a reason for sub-therapeutic ranges. She testified under oath that she received the medication and was compliant during this time. Yet, the lab results establish otherwise.

Accordingly, the ALJ did not err in finding there was a failure by Nall to follow prescribed treatment and there was no justification for her failure to do so. [1]

### Conclusion

Accordingly, IT IS RECOMMENDED that Nall's appeal be DENIED AND DISMISSED WITH PREJUDICE.

---

[1] The undersigned agrees that Social Security Ruling 82-59 does not apply to the instant case because the ALJ did not find Nall's seizure disorder to be disabling. Thus, Nall's argument regarding the same will not be addressed.

Under the provision of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Alexandria, Louisiana, on this 28th day of July 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE